**[J-44-2021] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,    :    No. 37 EAP 2020
                                   :
          Appellee    :    Appeal from the Judgment of
                                   :    Superior Court entered on June 22,
                                   :    2020 at No. 364 EDA 2019 affirming
         v.    :    the Order entered on January 16,
                                   :    2019 in the Court of Common Pleas,
                                   :    Philadelphia County, Criminal
AARON BRADLEY,    :    Division, at No. CP-51-CR-0010497-
                                   :    2012.
         Appellant    :
                                   :    SUBMITTED: April 7, 2021

**<u>CONCURRING OPINION</u>**

**JUSTICE WECHT**                            **DECIDED: October 20, 2021**

I join the Court's well-reasoned opinion in full. I write separately to note the gathering clouds on the horizon. The rule-based right to effective counsel does not end with the resolution of a PCRA petitioner's appeal in the Superior Court. In some cases, PCRA appellate counsel's ineffectiveness might not become apparent until the conclusion of merits review in that court. Accordingly, the "earliest possible point" at which to raise challenges to counsel's stewardship, Maj. Op. at 39-40—the petition for allowance of appeal stage—might also be the last. The learned Majority does not address the additional complications that attend challenges to counsel's stewardship at this level of the PCRA appellate process, and for good reason: that's not this case. But we should be prepared for the second order effects of today's decision, which inevitably will prompt a

spate of petitions to this Court asserting new claims of attorney ineffectiveness arising from the intermediate appellate proceedings.[1]

We confronted a variation of this scenario in *Commonwealth v. Clark*, 75 MAL 2021, 2021 WL 2024835 (Pa. 2021) (*per curiam*). There, following the Superior Court's denial of relief from the dismissal of Lamar Clark's PCRA petition, Clark's appointed PCRA appellate counsel sought review of that decision in this Court. Simultaneously, Clark, acting *pro se*, filed a petition challenging his counsel's effectiveness for failing to discuss pertinent legal authority in his *allocatur* petition as well as in his Superior Court brief, resulting in the dismissal of claims by that court for lack of development. We agreed that Clark was entitled to the reinstatement of his PCRA appellate rights *nunc pro tunc* because counsel's actions forfeited appellate review and thus were patently deficient. *Id.* at \*2. Because Clark's petition to this Court painted a picture of attorney ineffectiveness *per se*, his case was an easy one. But many petitions will not be so straightforward. Indeed, most likely will not. Although a remand to the lower courts for factual findings

---

[1]    Justice Dougherty doubts this prediction. He suggests that "only petitioners who obtain new counsel or elect to proceed *pro se* following the conclusion of their Superior Court appeals would even theoretically be able to take advantage of" the procedure announced today, and that, even then, the first opportunity for "some" of those petitioners to allege PCRA appellate counsel's ineffectiveness will be in a reargument petition rather than the *allocatur* stage. Concurring Op. at 5 (Dougherty, J.). I take no immediate issue with this counter-supposition. The circumstances in which ineffectiveness claims might arise on collateral review are myriad and will not always give way to bright lines. As the concurrence observes, the availability of relief often may turn on the facts unique to each appeal—including, perhaps, the practicability of a rule that expects a given PCRA appellant or appellee to (1) anticipate his appellate counsel's ineffectiveness (which may not be apparent until a decision is rendered), (2) request new counsel or move to proceed *pro se*, and (3) file an application for reargument raising the relevant claim all within fourteen days of the entry of judgment in accordance with Pa.R.A.P. 2542(a)(1). But we need not attempt to resolve every scenario today. Suffice it to say that the principle that takes root with this decision—that the deprivation of the rule-based right to counsel, whatever its form, might necessitate novel procedural remedies heretofore unexpressed in our rules—is, in my estimation, an enduring one and will require greater vigilance from the bench and bar alike moving forward.

and further proceedings could be warranted at times based solely upon a petitioner's filings and the record before us, it also might behoove the Commonwealth to file a response to a petition for allowance of appeal when ineffectiveness claims are raised for the first time in this Court in order to better facilitate our review. Consideration of other formal procedural mechanisms unique to the *allocatur* stage also may be warranted. With that in mind, I commend the Majority for its thorough analysis of the issue before us today.